UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

10 CR 804

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| vs. | § | CRIMINAL NO. H-10- |
| | § | |
| | § | 8 U.S.C. § 1325(c) |
| ANDREW MITEMA, | § | 18 U.S.C. § 371 |
| ANDREW MOKORO, | § | 18 U.S.C. § 1546(a) |
| HERMAN OGOTI, | § | |
| ALFONSO ONGAGA, and | § | |
| REBMANN ONGAGA, | § | |
| Defendants. | § | |

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

**INDICTMENT**

United States District Court
Southern District of Texas
FILED

NOV 17 2010

David J. Bradley, Clerk of Court

THE GRAND JURY CHARGES THAT:

At all times material to this Indictment:

**COUNT ONE**
**Conspiracy to Commit Marriage Fraud**
**18 U.S.C. § 371**

**A. INTRODUCTION**

1. **ANDREW MITEMA**, defendant herein, hereinafter referred to as **MITEMA**, is a citizen of the Republic of Kenya and also a legal permanent resident of the United States. **MITEMA** entered the United States using his Kenyan passport and an F1, student visa on April 30, 2001. On August 12, 2002, **MITEMA** married a recruited United States citizen. At the time of his marriage, **MITEMA** was in the United States on a student visa.

2. **ANDREW MOKORO**, defendant herein, hereinafter referred to as

**MOKORO**, is a citizen of the Republic of Kenya and is also a conditional legal permanent resident of the United States. **MOKORO** entered the United States on May 13, 1999, using his Kenyan passport and an F1 student visa. **MOKORO** entered the United States under the pretense of attending Texas Southern University. **MOKORO** never attended Texas Southern University. On February 25, 2003, **MOKORO** married recruited United States citizen T.R. At the time of his first marriage to T.R. on February 25, 2003, **MOKORO** was in the United States on a student visa that was set to expire on April 29, 2004. On March 11, 2005, **MOKORO** divorced T.R. On January 18, 2006, **MOKORO** married another recruited United States citizen A.Y. At the time of his marriage to recruited United States Citizen, A.Y., **MOKORO**'s student visa was expired.

3. **HERMAN OGOTI**, defendant herein, hereinafter referred to as **OGOTI**, is a citizen of the Republic of Kenya and also a legal permanent resident of the United States. **OGOTI** entered the United States using his Kenyan passport and an F1 student visa on April 18, 2000. On February 10, 2004, **OGOTI** married a recruited United States citizen. At the time of his marriage, **OGOTI** was in the United States on a student visa that was set to expire on March 12, 2005. **OGOTI** only attended Texas Southern University during the Spring semester of 2002.

4. **ALFONSO ONGAGA**, defendant herein, hereinafter referred to as **A. ONGAGA**, is a citizen of the Republic of Kenya and is also a naturalized United States citizen. **A. ONGAGA** entered the United States using his Kenyan passport and an F1,

student visa (to attend Texas Southern University) on January 19, 1997. On January 3, 2001, **A. ONGAGA** married a recruited United States citizen. At the time of his marriage, **A. ONGAGA** was in the United States on a student visa that was set to expire on December 17, 2001. **A. ONGAGA** never attended Texas Southern University.

5. **REBMANN ONGAGA**, defendant herein, hereinafter referred to as **R. ONGAGA**, is a citizen of the Republic of Kenya and also a lawful permanent resident of the United States. On December 9, 1999, **R. ONGAGA** applied for and was refused an F1, student visa. On July 27, 2004, **R. ONGAGA** applied for and was refused a B1/B2, tourist/visitor visa. On February 25, 2005, **R. ONGAGA** married a recruited United States citizen in Kenya. **R. ONGAGA** entered the United States using his Kenyan passport and a CR1 visa, (also referred to as a spouse visa) on August 27, 2006. **R. ONGAGA's** CR1 visa was acquired from a marriage to a recruited United States citizen.

6. United States Citizenship and Immigration Services, CIS, is an agency of the Department of Homeland Security (DHS). CIS is a government agency that oversees lawful immigration to the United States. CIS provides the procedures for a U.S. citizen or a permanent resident to acquire permanent resident status for their immigrant spouse that lives in the United States or abroad.

7. A foreign national may obtain lawful permanent residence status in the United States based upon his or her valid marriage to a United States citizen.

8. A foreign national may marry a United States citizen and seek to gain lawful

permanent resident status based on that marriage. If the marriage is in the United States, the United States citizen, hereinafter referred to as petitioner, must file a Form I-130 [Petition for Alien Relative] with CIS seeking to accord the beneficiary spouse "immediate family relative" status. The petitioner must submit the marriage certificate. There is no waiting period (other than processing) to obtain an immigrant visa.

9. The beneficiary, immigrant spouse, must file a Form I-485 [Application to Register Permanent Residence or Adjust Status]. By so doing, the beneficiary applies to adjust his or her status to that of a lawful permanent resident. If the marriage, which is the basis of the application, is less than two (2) years old, the beneficiary is accorded conditional lawful permanent resident status (CLPRS). The CLPRS expires after two (2) years.

10. Within ninety (90) days of the CLPRS expiration, the petitioner and the beneficiary must file a Form I-751, Petition to Remove Conditions on Residence with CIS. The petition requires certification that the marriage was entered in accordance with the laws of the place where the marriage took place and was not for the purpose of procuring an immigration benefit.

11. If the marriage to the United States citizen is not in the United States, the petitioner must then return to the United States and file an I-130 (Petition for an Alien Relative) with CIS. After CIS has approved the petition, the petition is then sent to the United States Department of State National Visa Center (NVC) and a case number is assigned. The applicants must then submit a form DS-230 (Application for Immigrant Visa

and Alien Registration) an I-864 Affidavit of Support Under Section 213 of the Act and appropriate fees.

12. A perjury clause instructing the signor that all information provided must be truthful and accurate is present on Form I-130, Form I-485, Form I-751 and DS-230.

### B. THE CONSPIRACY AND ITS OBJECTS

13. Beginning in or about January 3, 2001, and continuing to the present, in the extraterritorial jurisdiction of the United States, and elsewhere, including within the Southern District of Texas,

**ANDREW MITEMA**
**ANDREW MOKORO**
**HERMAN OGOTI**
**ALFONSO ONGAGA, and**
**REBMANN ONGAGA**

defendants herein, did knowingly and willfully conspire, confederate and agree with one another and with other persons known and unknown to the Grand Jury to commit and attempt to commit the following offenses against the United States, that is:

(a) To knowingly enter into marriages for the purpose of evading immigration laws in violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 3238.

### C. THE MANNER AND MEANS OF THE CONSPIRACY

14. It was a part of the conspiracy that conspirators would apply for United States

-5-

visas, i.e. student and/or tourist visas to gain entry into the United States and later marry United States citizens to evade United States immigration laws.

15. It was further part of the conspiracy that conspirators would and did recruit United States citizens, hereinafter "recruits," for the purposes of entering into fraudulent marriages to Kenyan nationals and evading United States immigrations laws.

16. It was a further part of the conspiracy that conspirators would recruit family members of the "recruited" United States citizens to marry conspirators' family members that were in Kenya or in the United States.

17. It was a further part of the conspiracy that conspirators would fly some of the recruits to Kenya for the purposes of meeting and marrying conspirators' family members for the ultimate purpose of evading United States immigration laws.

18. It was a further part of the conspiracy that conspirators would and did pay the recruits to enter into fraudulent marriages with Kenyan nationals.

19. It was a further part of the conspiracy that conspirators would pay for the recruits' passport application fees, photos and identification.

20. It was a further part of the conspiracy that conspirators would and did enter into sham marriages for the purpose of fraudulently obtaining legal permanent resident status.

21. It was a further part of the conspiracy that conspirators would and did take staged photographs of themselves as a couple for future fraudulent documentation of a meaningful relationship.

22. It was a further part of the conspiracy that the conspirators would and did forge the recruits' signatures on immigration documents and other non-immigration documents that were later submitted to CIS.

23. It was a further part of the conspiracy that soon after the marriages to the recruits, conspirators would complete immigration documents and later submit them to CIS so that CIS would grant the conspirators legal permanent resident status.

24. It was a further part of the conspiracy that the conspirators would and did falsely prepare and sign immigration forms, for the purpose of evading immigration laws.

25. It was a further part of the conspiracy that conspirators would and did coach the recruits via verbal instructions on what to say when questioned or interviewed by law enforcement or immigration officials about the legitimate nature of the marriages.

### D. OVERT ACTS

26. During and in furtherance of the conspiracy, within the Southern District of Texas and elsewhere, one or more of the conspirators committed one or more of the following overt acts, among others:

   a. On or about December 28, 2000, **A. ONGAGA** and V.C. applied for a marriage license in Harris County, Texas.

   b. On or about January 2001, S.A. met **HERMAN OGOTI** through **A. ONGAGA** and V.C.

   c. On or about January 3, 2001, **A. ONGAGA** married V.C. in Harris County,

Texas.

 d. On or about January 24, 2001, **A. ONGAGA** submitted an I-485 application for Permanent Residence or Adjust Status and V.C. submitted and I-130 Petition for **A. ONGAGA,** an Alien Relative.

 e. On or about the summer of 2001, **ANDREW MITEMA** and **A. ONGAGA** met with A.A. at a McDonald's in downtown Houston, Texas to discuss A.A. marrying **ANDREW MITEMA** for money. **A. ONGAGA** and **ANDREW MITEMA** paid A.A. $100 dollars at this meeting.

 f. On or about the summer of 2001, **A. ONGAGA** offered to pay A.A. $2,000 dollars to marry **ANDREW MITEMA.**

 g. On or about August 5, 2002, **ANDREW MITEMA** and A.A. applied for a marriage license in Harris County, TX.

 h. On or about August 12, 2002, **ANDREW MITEMA** married A.A. in Harris County, TX.

 i. On or about August 2002, **ANDREW MITEMA** paid A.A. $2,000 dollars.

 j. On or about September 13, 2002, **ANDREW MITEMA** submitted an I-485 Application for Permanent Residence or Adjust Status.

 k. On or about January 2003, **ANDREW MOKORO** offered to pay T.R. $1,000 dollars to marry him and $1,000 dollars every month once they were married.

 l. On February 7, 2003, **ANDREW MOKORO** and T.R. applied for a marriage

license.

  m.  On February 25, 2003, **ANDREW MOKORO** married T.R. in Harris County, Texas.

  n.  On February 25, 2003, **ANDREW MOKORO** paid T.R. $500 dollars and bought her a box of baby diapers for marrying him.

  o.  On or about November 2003, **HERMAN OGOTI** offered S.A. $5,000 dollars to marry him and $100 dollars a month to remain married to him.

  p.  On or about December 17, 2003, **A. ONGAGA** applied for a loan through Toyota Motor Corporation with E.O.

  q.  On or about January 27, 2004, **HERMAN OGOTI** and S.A. applied for a marriage license in Harris County, Texas.

  r.  On or about February 10, 2004, **HERMAN OGOTI** married S.A. in Harris County, Texas.

  s.  On or about March 16, 2004, T.R. submitted an I-130 Petition for Alien Relative on behalf of **ANDREW MOKORO**.

  t.  On or about March 22, 2004, **ANDREW MOKORO** submitted an I-485 Application to Register for Permanent Residence or Adjust Status.

  u.  On or about November 2004, **A. ONGAGA** asked V.A. if she would fly to Africa to marry his brother.

  v.  On or about November 2004, **A. ONGAGA** completed a passport application

for V.C.'s cousin.

    w.    On or about December 9, 2004, S.A. submitted an I-130 Petition for an Alien Relative on behalf of **HERMAN OGOTI**.

    x.    On December 27, 2004, **HERMAN OGOTI** submitted an I-485 Application for Permanent Residence or Adjust Status.

    y.    On or about February 21, 2005, **R. ONGAGA** married V.A. in Kenya.

    z.    On or about February 2005, **ANDREW MITEMA** gave V.A. a ride to Houston-Bush International Airport for her flight to Kenya.

    aa.    On or about April 11, 2005, **R. ONGAGA** applied for an immigrant visa.

    bb.    On or about November 17, 2005, **ANDREW MITEMA** submitted an I-751 Application to Remove Conditions on Status.

    cc.    On or about January 12, 2006, **ANDREW MOKORO** and A.Y. applied for a marriage license in Harris County, TX.

    dd.    On or about January 18, 2006, **ANDREW MOKORO** married A.Y. in Harris County, TX.

    ee.    On or about March 13, 2006, A.Y. submitted an I-130 Petition for an Alien Relative on behalf of **ANDREW MOKORO**.

    ff.    On or about March 13, 2006, **ANDREW MOKORO** submitted an I-485 Application for Permanent Residence or Adjust Status.

    gg.    On April 7, 2006, **ANDREW MOKORO** submitted an I-485 Application for

Permanent Residence or Adjust Status.

    hh.    On or about November 2006, **ANDREW MITEMA** offered K.D. $5,000 to marry his relative.

    ii.    On or about August 27, 2006, **R. ONGAGA** traveled to the United States.

    jj.    On or about September 2008, **R. ONGAGA** and V.A. posed for photographs together.

    kk.    On or about November 11, 2008, **R. ONGAGA** submitted an I-751 Petition to Remove Conditions on Residence to CIS.

    ll.    On or about February 21, 2009, **A. ONGAGA** married E.O. in Harris County, Texas.

    mm.    On or about June 22, 2009, **A. ONGAGA,** submitted an Application for Naturalization as a United States Citizen to CIS.

    nn.    On or about October 2009, **ANDREW MOKORO** offered D.A. and D.F. $2,000 dollars to travel to Kenya.

    oo.    On or about October 2009, **ANDREW MOKORO** gave D.A. and D.F. a ride to Walgreens to obtain passport photos.

    pp.    On November 10, 2009, **ANDREW MOKORO** brought D.A. and D.F. to the Houston Passport Agency to retrieve their United States passports.

    qq.    On December 22, 2009, **HERMAN OGOTI** asked S.A. if she would allow her daughter, D.A. to travel to Kenya to marry someone.

## COUNT TWO
### Marriage Fraud
### 8 U.S.C. § 1325(c)

On or about January 3, 2001, and continuing through on or about September 8, 2008 in the Southern District of Texas,

**ALFONSO ONGAGA,**

the defendant herein, a native and citizen of Kenya, did knowingly marry a United States citizen, for the purpose of evading any provision of the immigration laws of the United States.

In violation of Title 8 United States Code 1325(c).

## COUNT THREE
### Marriage Fraud
### 8 U.S.C. § 1325(c)

On or about August 12, 2002, and continuing through the Present in the Southern District of Texas,

**ANDREW MITEMA,**

the defendant herein, a native and citizen of Kenya, did knowingly marry a United States citizen, for the purpose of evading any provision of the immigration laws of the United States.

In violation of Title 8 United States Code 1325(c).

## COUNT FOUR
## Marriage Fraud
## 8 U.S.C. § 1325(c)

On or about February 10, 2004, and continuing through the Present in the Southern District of Texas,

## HERMAN OGOTI,

the defendant herein, a native and citizen of Kenya, did knowingly marry a United States citizen, for the purpose of evading any provision of the immigration laws of the United States.

In violation of Title 8 United States Code 1325(c).

## COUNT FIVE
## Marriage Fraud
## 8 U.S.C. § 1325(c)

On or about February 21, 2005, and continuing through the Present in the extraterritorial jurisdiction of the United States, and elsewhere, including within the Southern District of Texas,

## REBMANN ONGAGA,

the defendant herein, a native and citizen of Kenya, did knowingly marry a United States citizen, for the purpose of evading any provision of the immigration laws of the United States.

In violation of Title 8 United States Code 1325(c) and Title 18, United States Code, Section 3238.

## COUNT SIX
## Marriage Fraud
## 8 U.S.C. § 1325(c)

On or about January 18, 2006, and continuing through the Present in the Southern District of Texas,

**ANDREW MOKORO,**

the defendant herein, a native and citizen of Kenya, did knowingly marry a United States citizen, for the purpose of evading any provision of the immigration laws of the United States.

In violation of Title 8 United States Code 1325(c).

## COUNT SEVEN
## Fraud and Misuse of Visa, Permits and Other Documents
## 18 U.S.C. § 1546(a)

On or about October 11, 2005, in the Southern District of Texas,

**ANDREW MITEMA,**

the defendant herein, knowingly made under oath and under penalty of perjury, subscribed as true, and presented an application containing a false and fraudulent statement with respect to a material fact on United States Citizenship and Immigration Services Form I-751, for the purpose of procuring an immigration benefit that in such petition the defendant stated that he, **ANDREW MITEMA** and A.A., had entered into a bona fide marriage when in truth and fact such was not true.

In violation of Title 18 United States Code, Section 1546(a).

-14-

## COUNT EIGHT
### Fraud and Misuse of Visa, Permits and Other Documents
### 18 U.S.C. § 1546(a)

On or about May 3, 2007 in the Southern District of Texas,

**HERMAN OGOTI,**

the defendant herein, knowingly made under oath and under penalty of perjury, subscribed as true, and presented an application containing a false and fraudulent statement with respect to a material fact on United States Citizenship and Immigration Services Form I-751, for the purpose of procuring an immigration benefit that in such petition the defendant stated that he, **HERMAN OGOTI** and S.A., had entered into a bona fide marriage when in truth and fact such was not true.

In violation of Title 18 United States Code, Section 1546(a).

## COUNT NINE
### Fraud and Misuse of Visa, Permits and Other Documents
### 18 U.S.C. § 1546(a)

On or about December 5, 2008, in the Southern District of Texas,

**ANDREW MOKORO,**

the defendant herein, knowingly made under oath and under penalty of perjury, subscribed as true, and presented an application containing a false and fraudulent statement with respect to a material fact on United States Citizenship and Immigration Services Form I-751, for the purpose of procuring an immigration benefit that in such petition the defendant stated that

he, **ANDREW MOKORO** and A.Y., had entered into a bona fide marriage when in truth and fact such was not true.

In violation of Title 18 United States Code, Section 1546(a).

## COUNT TEN
### Fraud and Misuse of Visa, Permits and Other Documents
### 18 U.S.C. § 1546(a)

On or about November 11, 2008, in the Southern District of Texas,

### REBMANN ONGAGA

the defendant herein, knowingly made under oath and under penalty of perjury, subscribed as true, and presented an application containing a false and fraudulent statement with respect to a material fact on United States Citizenship and Immigration Services Form I-751, for the purpose of procuring an immigration benefit that in such petition the defendant stated that he, **REBMANN ONGAGA** and V.A., had entered into a bona fide marriage when in truth and fact such was not true.

In violation of Title 18 United States Code, Section 1546(a).

**A TRUE BILL:**

ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

JOSE ANGEL MORENO
United States Attorney

By: _____
KEBHARU H. SMITH
Assistant United States Attorney
(713)567-9000

-16-